Speros John Kokonos, Esquire
Gibley and McWilliams, P.C.
524 N. Providence Road
Media, PA 19063
(610) 627-9500
PA Attorney I.D. No. 73384
skokonos@gibleylaw.com

Attorney for Plaintiff,
Kornerstone Custom Builders, LLC

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| KORNERSTONE CUSTOM BUILDERS, LLC<br>24 West Main Street, Suite B<br>Bloomsburg, Pennsylvania 17815 | : |
| | : CIVIL ACTION |
| Plaintiff, | : No. 4:CV15-2067 |
| | : |
| v. | : |
| | : |
| DENNIS GORG CONTRACTING, LLC<br>365 Linvic Drive<br>Muncy, Pennsylvania 17756 | : |
| | : Jury Trial Demanded<br>(Non-Equity Matters Only) |
| and | : |
| | : |
| DENNIS GORG<br>365 Linvic Drive<br>Muncy, Pennsylvania 17756 | : |
| | : |
| and | : |
| | : |
| MICHAEL AND KELLY KLEIN H/W<br>405 Linvic Drive<br>Muncy, Pennsylvania 17756 | : |
| | : |
| and | : |
| | : |
| JOHN AND JANE DOES 1-5<br>X,Y,Z CORPORATION 1-5, ET AL. | : |
| | : |
| Defendants. | |

FILED
WILLIAMSPORT
OCT 2 6 2015
PER _____
DEPUTY CLERK

1

COMPLAINT

Plaintiff, Kornerstone Custom Builders, LLC, by its undersigned attorney, files this Complaint demanding judgment in its favor and against the above-named Defendants solely, jointly, or jointly and severally and in support thereof aver as follows:

**Jurisdiction**

1.     This action is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq.

2.     The Court has original jurisdiction of this matter pursuant to Section 1338(a) of the Judicial Code, 28 U.S.C. §1338(a).

**Venue**

3.     Venue is conferred by Section 1400(a) of the Judicial Code, 28 U.S.C. §1400(a).

**The Parties**

4.     Plaintiff, Kornerstone Custom Builders, LLC (hereinafter "Kornerstone") is a Pennsylvania corporation having its principal place of business at 24 West Main Street, Suite B, Bloomsburg, Pennsylvania 17815.

4.1.     Kornerstone is principally engaged in the business of marketing, designing, constructing, and selling new residential homes in the Commonwealth of Pennsylvania.

5.     Defendants, Michael and Kelly Klein are husband and wife currently residing at 405 Linvic Drive, Muncy, Pennsylvania 17756.

6.     Defendant, Dennis Gorg Contracting, LLC is a Pennsylvania corporation having its principal place of business at 365 Linvic Drive, Muncy, Pennsylvania 17756.

6.1. Defendant, Dennis Gorg Contracting, LLC is principally engaged in the business of marketing, designing, constructing and/or selling new residential homes in the Commonwealth of Pennsylvania.

7. Defendant, Dennis Gorg is an adult individual having his principal place of employment at 365 Linvic Drive, Muncy, Pennsylvania 17756.

7.1. At all times material hereto Dennis Gorg has been employed as the President and/or an Officer, Director, Shareholder and/or a Managing Agent of Defendant, Dennis Gorg Contracting, LLC and in such capacity engaged or in the alternative, possessed authority to engage in the following activities:

7.1.1. Directing and/or controlling the activities of Dennis Gorg Contracting, LLC more fully described herein;

7.1.2. Supervising, or in the alternative, possessing the right and ability to supervise the activities of Dennis Gorg Contracting, LLC more fully described herein; and/or

7.1.3. Retaining a direct financial interest in the activities of Dennis Gorg Contracting, LLC more fully described herein.

8. Defendants, John and Jane Does 1-5 and X,Y,Z Corporations 1-5, et al. are fictitious persons and entities whose identity remains unknown at this time and have personal liability to Kornerstone for infringement of Kornerstone's "Copyrighted Works" on the basis that the same:

8.1. Directed and controlled or, in the alternative, possessed authority to direct and control Dennis Gorg Contracting, LLC 's daily business decisions and conduct at all times relevant hereto in their capacity as Officers, Directors, Shareholders and/or Managing Agents thereof;

8.2.    Supervised, or in the alternative, possessed authority to supervise Dennis Gorg Contracting, LLC's infringing activities more fully described herein in their capacity as Officers, Directors, Shareholders and/or Managing Agents thereof; and/or

8.3.    Retained a direct financial interest in Dennis Gorg Contracting, LLC's infringing activities more fully described herein.

## Copyrighted Works

9.    Kornerstone is the creator of the following "Copyrighted Works" and retains exclusive right, title, and interest in the registration thereof and copyright thereon:

9.1.    Kornerstone's "Rimini I Home Plans" which is a "technical drawing" within the meaning of Sections 101 and 102(a) of the Copyright Act of 1976 at Registration No. VA0001963465;

(Exhibit "A", Rimini I Plans; Exhibit "B", Certificate of Registration, No. VA0001963465).

9.2.    Kornerstone's "Rimini I Home" which is an "architectural work" within the meaning of, inter alia, Sections 101 and 102(a) of the Copyright Act of 1976 at Registration No. VA0001963460;

(Exhibit "C", Certificate of Registration, No. VA0001963460).

9.3.    Kornerstone's "Rimini II Home Plans" which is a "technical drawing" within the meaning of Sections 101 and 102(a) of the Copyright Act of 1976 at Registration No. VA0001963468;

(Exhibit "D", Rimini II Plans; Exhibit "E", Certificate of Registration, No. VA0001963468).

9.4.    Kornerstone's "Rimini II Home" which is an "architectural work" within the meaning of, inter alia, Sections 101 and 102(a) of the Copyright Act of 1976 at Registration No. VA0001963467; and

(Exhibit "F", <u>Certificate of Registration</u>, No. VA0001963467).

      9.5.    "Kornerstone Custom Builders New Home Plan Book 2013" which is a non-dramatic literary work within the meaning of, inter alia, Sections 101 and 102(a) of the Copyright Act of 1976 at Registration No. VA1968260.
(Exhibit "G", <u>Certificate of Registration</u>, No. VA0001968260).

      9.5.1.   A portion of Kornerstone Custom Builders New Home Plan Book 2013 that depicts Kornerstone's Rimini home design is attached at Exhibit "H".

10.    Kornerstone's "Rimini I Home Plans", "Rimini I Home", "Rimini II Home Plans", "Rimini II Home" and the "Kornerstone Custom Builders New Home Plan Book 2013" are hereinafter collectively referred to as "Copyrighted Works" unless otherwise specified.

11.    Kornerstone's "Copyrighted Works" are substantially comprised of original subject matter created by Kornerstone's own skill, labor, and judgment and are copyrightable under the laws of the United States.

12.    Kornerstone has fully and strictly complied in all respects with the United States Copyright Act of 1976, as amended, and all other laws governing copyright by, inter alia:

      12.1.   Applying for copyright registration thereon; and

      12.2.   Paying the required deposit.

13.    At no time has Kornerstone authorized or conveyed a license to Defendants to copy, publish, construct, advertise, market, or otherwise reproduce all or any portion of Kornerstone's "Copyrighted Works".

,

## (Common Facts as to All Counts)

14.     On or about February 1, 2013 Defendant, Michael Klein advised Kornerstone that he and his wife, Kelly Klein desired to construct a single family dwelling on a lot which they intended to purchase in Muncy, Pennsylvania.

15.     On or about February 7, 2013 Michael Klein advised Kornerstone that he and his wife were interested in Kornerstone's Rimini Plan and inquired whether Kornerstone's Rimini Plan could be modified as follows:

      15.1.   Relocation of the master suite to the first floor; and

      15.2.   Enlargement of the garage to accommodate three (3) cars.

16.     On February 11, 2012 Gerald P. Delaney, Jr. responded to Michael Klein's February 7, 2013 correspondence on behalf of Kornerstone and advised that Kornerstone's Rimini design could be modified to relocate the master suite to the first floor of the structure.

17.     On or about March 1, 2013 Kornerstone completed preliminary modifications to its Rimini design to accommodate the Kleins' requests.

18.     On or about March 14, 2013 the Kleins met with one or more Kornerstone representatives to review Kornerstone's revised Rimini design.

19.     On April 12, 2013 Kornerstone submitted revised elevations and floor plans of its Rimini design to the Kleins.

20.     On April 18, 2013 and April 19, 2013 Kornerstone submitted additional revised plans to the Kleins to reflect additional changes to its Rimini design that the Kleins requested.

21.     On May 22, 2013 Kornerstone submitted a price quotation to Michael Klein to construct Kornerstone's modified Rimini home in conformity with the Kleins requested revisions to its standard design.

22.     On May 24, 2013 Kornerstone submitted a revised price quotation to Michael Klein to accommodate additional design and material changes that the Kleins requested.

23.     On or about May 30, 2013 the Kleins purchased the premises commonly known as 405 Linvic Drive, Muncy, Pennsylvania 17756 (hereinafter "Subject Premises").

24.     On June 6, 2013 Kornerstone submitted additional revised plans to Michael Klein in response to the latter's June 4, 2013 request for "updated plans" to reflect additional design and material changes that the Kleins requested including additional modifications to the master bath and garage.

25.     On or about July 23, 2013 Michael Klein advised Kornerstone, inter alia, that "We love this home plan but price and value are two different things . . . [t]he gentleman that is my neighbor up the hill from the land is a builder too and is pushing for me to give him a shot on a design . . ."

26.     On or about August 20, 2013 Michael Klein advised Kornerstone, inter alia, that:

> I am meeting with my neighbor tomorrow who is the builder that is wanting to quote our home. I am hoping that we will be able to work with you guys on this project but his preliminary number he quoted me is about $40,000 less than yours with Geo thermal. I will be getting his breakdown tomorrow and let you know for sure . . . Dennis is very reputable and $40,000 is a lot of difference . . . If we did decide to do something with Dennis, is it still possible to buy plans from you for this home? . . .

27.     On September 30, 2013 Michael Klein advised Kornerstone, inter alia, that:

> We are still undecided . . . My neighbor really wants to build my home and is very highly recommended and very reasonable. I am just having a hard time deciding. He has drawn up a home with similar layout but a different exterior that we like as well . . .

28.     On October 31, 2013 Michael Klein advised Kornerstone, inter alia, that:

> Checking in to see what you ever came up with. I finally got numbers from my neighbor which included Geo , 9 ft. ceilings first floor, custom craftsman style windows, rear slider with craftsman style windows above, upgraded front door, blown in cellulose insulation, ICF basement walls, rain shower ceramic and master whirlpool tube ceramic around it in master bath, pex water system with manifold, complete driveway ($16,000), treks 24 x 24 deck, custom kitchen/vanities ($26,000 Budget), well ($6,000 budget) and septic (using $18,000 as budget) turn key is $355,000. Would you even be close? I want to start the ball rolling sooner rather than later. Send me you best deal is you can so I can get with Kelly.

29.     On October 31, 2013 Gerald Delaney, Jr. advised Michael Klein that Kornerstone is "going over your numbers and revising your quote now" and requested the Kleins to email their neighbors' quote and specifications (including square footage) to permit Kornerstone to compare his pricing to its own.

30.     On November 19, 2013 Michael Klein advised Kornerstone that "I am sorry but the process just took too long to hear back and we have chosen to go ahead with Dennis. I started financing yesterday with the bank".

## COUNT ONE

### Copyright Infringement

**Plaintiff, Kornerstone Custom Builders, LLC**
v.
**Defendants, Michael Klein, Kelly Klein, Dennis Gorg Contracting, LLC, Dennis Gorg, and John and Jane Does 1-5 and X,Y,Z Corporations 1-5, et al.**

31.     Plaintiff incorporates all Paragraphs of this Complaint by reference as if the same were fully set forth at length herein.

32.     Defendants, Michael and Kelly Klein have failed to purchase a home from Kornerstone as of the date of the filing of this Complaint.

33.     Kornerstone believes and avers that Defendants, Michael and Kelly Klein contracted with Defendant, Dennis Gorg Contracting, LLC and/or Defendant, Dennis Gorg to construct a single family dwelling within the Subject Premises.

34.     Kornerstone believes and avers that Defendant, Dennis Gorg Contracting, LLC and/or Defendant, Dennis Gorg thereafter prepared a collection of plans/drawings (hereinafter "Klein Plans") to construct a single family dwelling on the Subject Premises according to design parameters that were selected and/or approved by the Kleins.

34.1.   A true and correct copy of the Klein Plans is attached to this Complaint as Exhibit "I".

35.     Kornerstone believes and avers that Defendant, Dennis Gorg Contracting, LLC and/or Defendant, Dennis Gorg thereafter constructed a single family dwelling within the Subject Premises (hereinafter "Klein Home") that is identical or substantially similar in design to that which is depicted in the Klein Plans.

35.1.   Kornerstone believes and avers that a true and correct depiction of the Klein Home while it was under construction is attached at Exhibit "J".

36.     Kornerstone believes and avers that the Klein Plans and the Klein Home are identical or substantially similar reproductions of Kornerstone's "Copyrighted Works" or of the architectural works depicted therein.

37.     Kornerstone believes and avers that the design for the Klein Plans and Klein Home is not the product of original authorship created by Defendants' independent skill, labor, and/or judgment.

38.     Kornerstone believes and avers that Defendants individually and/or collectively utilized all or a portion of Kornerstone's "Copyrighted Works" to design and create the Klein Plans and Klein Home and did so without Kornerstone's knowledge or consent.

39.     Kornerstone has suffered irreparable harm and will likely suffer irreparable harm in the future as the direct and proximate result of Defendants' unlawful and willful infringement of Kornerstone's "Copyrighted Works" that cannot be adequately calculated or compensated in money damages on the basis that the same:

    39.1.   Has and will likely continue to diminish Kornerstone's reputation and goodwill within, inter alia, the real estate and construction industries;

    39.2.   Has and will likely continue to diminish the value of Kornerstone's "Copyrighted Works" by, inter alia, diluting their intended market and destroying their identity as being the exclusive property of Kornerstone;

    39.3.   Has and will likely continue to cause confusion and mistake in, inter alia, the real estate and construction industry regarding Kornerstone's exclusive right, title, and interest in its "Copyrighted Works"; and

    39.4.   Has and will likely interfere with Kornerstone's ability to market its "Copyrighted Works" thereby impairing their value and prejudicing Kornerstone's ability to sell and/or market the same as its own original copyrighted works.

40.     Kornerstone will continue to incur great and irreparable harm and damage unless Defendants are preliminarily and permanently enjoined from:

    40.1.   Infringing Kornerstone's "Copyrighted Works"; and

40.2.    Printing, reprinting, publishing, copying, offering to sell, selling, advertising, marketing, constructing, and/or otherwise reproducing Kornerstone's "Copyright Works" in whole or in part.

41.    Kornerstone will continue to incur great and irreparable harm and damage unless Defendants are individually and collectively compelled to deliver to the Court, on oath, all infringing articles to be impounded during the pendency of this action including, but not limited to:

41.1.    All plans, drawings, blueprints and technical drawings thereof; and;

41.2.    All advertising and marketing materials of any kind realign thereto.

42.    Defendants further remain solely, jointly, or jointly and severally liable and indebted to Kornerstone for damages as co-infringers of its "Copyrighted Works" including, but not limited to:

42.1.    Defendants' individual and collective gains, profits, and advantages which they have secured and may secure in the future as the direct and proximate result of their willful and unauthorized infringement of all or a portion of Kornerstone's "Copyrighted Works"; and

42.2.    Kornerstone's actual, incidental, and consequential damages that it has incurred and will likely incur in the future as a direct and proximate result of Defendants' willful and unauthorized infringement of Kornerstone's "Copyrighted Works".

WHEREFORE, Plaintiff, Kornerstone Custom Builders, LLC demands judgment in its favor and against Defendants solely, jointly, or jointly and severally as follows:

1.    Judgment in the amount of Plaintiff's actual, incidental, and consequential damages that it has suffered, and will likely suffer in the future as the direct and proximate result of Defendants' infringement of all or a portion of Plaintiff's "Copyrighted Works";

2.      Judgment in the amount of Defendants' individual and collective gains, profits, and advantages which they have secured and will likely secure in the future as the direct and proximate result of Defendants' infringement of all or a portion of Plaintiff's "Copyrighted Works";

3.      Judgment for Plaintiff's attorney fees and costs; and

4.      Judgment for preliminary and permanent injunctive relief as this Honorable Court shall deem necessary and appropriate to:

      a.      Enjoin Defendants' infringement of all or a portion of Plaintiff's "Copyrighted Works";

      b.      Enjoin Defendants from printing, reprinting, publishing, copying, offering to sell, selling, advertising, marketing, constructing, and otherwise reproducing all or a portion of Plaintiff's "Copyrighted Works" as original works of their own;

      c.      Compelling Defendants to deliver on oath all infringing articles for impoundment during the pendency of this action; and

5.      Judgment for such additional and further relief as this Honorable Court shall deem appropriate and just.

## COUNT TWO

### Copyright Infringement

**Plaintiff, Kornerstone Custom Builders, LLC**
**v.**
**Defendants, Dennis Gorg Contracting, LLC, Dennis Gorg, and**
**John and Jane Does 1-5 and X,Y,Z Corporations 1-5, et al.**

43.      Plaintiff incorporates all Paragraphs of this Complaint by reference as if the same were fully set forth at length herein.

44.    Kornerstone believes and avers that Defendants, Dennis Gorg Contracting, LLC, Dennis Gorg, and John and Jane Does 1-5 and X,Y,Z Corporations 1-5, et al. (hereinafter collectively referred to as "Dennis Gorg") are individually and/or collectively engaged or intend to engage in the following conduct in the future in violation of Kornerstone's exclusive right, title, and interest in its "Copyrighted Works":

44.1.    Advertising all or a portion of Kornerstone's "Copyrighted Works" as architectural works of their own;

44.2.    Marketing all or a portion of Kornerstone's "Copyrighted Works" as original architectural works of their own;

44.3.    Constructing residential homes whose exterior and/or interior designs are identical or substantially similar reproductions of Kornerstone's "Copyrighted Works";

44.4.    Constructing residential homes whose exterior and/or interior designs are copied substantially or exclusively from Kornerstone's "Copyrighted Works"; and/or

44.5.    Offering residential homes for sale whose exterior and/or interior designs are copied substantially or exclusively from Kornerstone's "Copyrighted Works".

45.    Kornerstone has suffered and will likely suffer irreparable harm in the future as the direct and proximate result of Dennis Gorg's infringement of its "Copyrighted Works" that cannot be adequately calculated or compensated in money damages on the basis that the same:

45.1.    Has and will likely continue to diminish Kornerstone's reputation and good will in, inter alia, the real estate and construction industries;

45.2.    Has and will likely continue to diminish the value of Kornerstone's "Copyrighted Works" by, inter alia, diluting their intended market and destroying their identity as being Kornerstone's exclusive property;

45.3.   Has and will likely continue to cause confusion and mistake in, inter alia, the real estate and construction industries regarding Kornerstone's exclusive right, title, and interest in its "Copyrighted Works"; and

45.4.   Has and will likely interfere with Kornerstone's ability to market its "Copyrighted Works" thereby impairing their value and prejudicing Kornerstone's ability to sell the same as its own original copyrighted works.

46.   Kornerstone will continue to incur great and irreparable harm and damage unless Dennis Gorg is/are preliminarily and permanently enjoined from:

46.1.   Infringing Kornerstone's "Copyrighted Works"; and

46.2.   Printing, reprinting, publishing, copying, offering to sell, selling, advertising, marketing, constructing and/or otherwise reproducing Kornerstone's "Copyright Works" either in whole or in part for any purpose.

47.   Kornerstone will continue to incur great and irreparable harm and damage unless Dennis Gorg is/are individually and/or collectively compelled to deliver, on oath, all articles alleged to infringe Kornerstone's "Copyrighted Works" to be impounded during the pendency of this action.

48.   Kornerstone will continue to incur great and irreparable harm unless Dennis Gorg is/are individually and/or collectively compelled to deliver, upon oath, all infringing copies and reproductions of Kornerstone's "Copyrighted Works" for destruction at the conclusion of trial.

49.   Defendants remain solely, jointly, or jointly and severally liable and indebted to Kornerstone for damages as co-infringers of Kornerstone's "Copyrighted Works" including, but not limited to, the following:

49.1.  Dennis Gorg's individual and collective gains, profits, and advantages which he/they has/have secured and may secure in the future as the direct and proximate result of his/their willful and unauthorized infringement of all or a portion of Kornerstone's "Copyrighted Works"; and

49.2.  The amount of Kornerstone's actual, incidental, and consequential damages which it has incurred and will likely incur in the future as a direct and proximate result of Dennis Gorg's infringement of all or a portion of Kornerstone's "Copyrighted Works".

WHEREFORE, Plaintiff, Kornerstone Custom Builders, Inc. demands judgment in its favor and against Defendants, Dennis Gorg Contracting, LLC, Dennis Gorg, and John and Jane Does 1-5 and X,Y,Z Corporations 1-5, et al. solely, jointly, or jointly and severally as follows:

1.  Judgment in the amount of Plaintiff's actual, incidental, and consequential damages that it has suffered, and will likely suffer in the future as the direct and proximate result of Defendants' infringement of all or a portion of Plaintiff's "Copyrighted Works";

2.  Judgment in the amount of Defendants' individual and collective gains, profits, and advantages which they have secured and will likely secure in the future as the direct and proximate result of Defendants' infringement of all or a portion of Plaintiff's "Copyrighted Works";

3.  Judgment for Plaintiff's attorney fees and costs; and

4.  Judgment for preliminary and permanent injunctive relief as this Honorable Court shall deem necessary and appropriate to:

a.  Enjoin Defendants' infringement of all or a portion of Plaintiff's "Copyrighted Works";

b.      Enjoin Defendants from printing, reprinting, publishing, copying, offering

to sell, selling, advertising, marketing, constructing, and otherwise reproducing all or a portion

of Plaintiff's "Copyrighted Works" as original works of their own;

c.      Compelling Defendants to deliver on oath all infringing articles for

impoundment during the pendency of this action; and

5.      Judgment for such additional and further relief as this Honorable Court shall

deem appropriate and just.

Respectfully Submitted,

Gibley and McWilliams, P.C.

Date:   October 21, 2015          By:   _____

Speros John Kokonos
524 N. Providence Road
Media, PA 19063
(610) 627-9500
Attorney I.D. No. 73384
skokonos@gibleylaw.com

Attorney for Plaintiff,
Kornerstone Custom Builders, LLC