**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KORNERSTONE CUSTOM BUILDERS, LLC, | : | Case No. 4:15-CV-2067 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| DENNIS GORG CONTRACTING, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION and ORDER**

**AUGUST 2, 2017**

Before the Court for disposition is Defendants Dennis Gorg and Dennis

Gorg Contracting, LLC's Motion to Enforce Settlement.  For the following

reasons, this motion will be denied at this time.

## I.      BACKGROUND[1]

On October 26, 2015, Plaintiff Kornerstone Custom Builders, LLC

("Plaintiff") initiated this action by Complaint.[2]  In the Second Amended

Complaint filed on September 16, 2016, Plaintiff alleges three claims of copyright

infringement against Defendants Dennis Gorg Contracting, LLC and Dennis Gorg

("Gorg Defendants"), Michael and Kelly Klein ("Klein Defendants"), Scott and

---

[1]    The following facts are undisputed or, where disputed, reflect Plaintiff's version of facts in
the record, pursuant to this Court's duty to view all facts and reasonable inferences in the
light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
255 (1986).

[2]    ECF No. 1.

Tracy Johnson ("Johnson Defendants"), Ed Feinberg ("Defendant Feinberg"), John and Jane Does 1-5, and X,Y,Z Corporation 1-5.[3] On December 5, 2016, the Court held an initial case management conference pursuant to Federal Rule of Civil Procedure 16 and issued a standard order establishing deadlines in this case.[4] The parties unanimously requested that the Court appoint a mediator on December 22, 2016, and this case was subsequently referred to Magistrate Judge William I. Arbuckle, III.[5]

On January 26, 2017, Magistrate Judge Arbuckle held a telephone conference in which the parties set February 7, 2017 as the date for an in-person mediation session and had a preliminary discussion concerning the merits of the case.[6] Magistrate Judge Arbuckle thereafter conducted a seven and a half hour mediation in which both the parties and their respective legal representatives were present.[7] During this session, Magistrate Judge Arbuckle revealed the following information to Plaintiff at the end of the session: (1) Defendants were making a global settlement offer of $ 100,000, and, (2) if Plaintiff's failed to accept this offer, Defendants' insurance provider, Erie Insurance Company would pursue a

---

[3]   ECF No. 52.

[4]   ECF No. 72.

[5]   ECF Nos. 73 & 76.

[6]   ECF No. 79 & 80. Attached to the Scheduling Order of February 1, 2017 was a Settlement Checklist to be completed by each party in preparation for the mediation session. ECF No. 80-1.

[7]   ECF No. 81.

declaratory judgment action to challenges its obligations under the policy.[8]

Plaintiff states that written discovery in this case had failed to previously reveal this coverage dispute with Erie Insurance, and that this failure prevented them from making an informed decision concerning this settlement offer.[9] Plaintiff therefore requested that Defendants allow this settlement offer to remain pending until February 16, 2017 to (1) receive insurance policy and reservation of rights letters from Defendants' counsel; and (2) assess Erie Insurance Company's threat to pursue a declaratory judgment action against Defendants.[10] Defendants agreed to this request.[11]

The Court was not informed that this matter had settled following this mediation session. Rather, communications attached to Gorg Defendants' Motion to Enforce indicates that the parties spent the next few days providing Plaintiff with applicable insurance information.[12] In an email dated February 16, 2017, Plaintiff conveyed the following:

---

[8] Affidavit of Derk Reed (ECF No. 90-3) ¶ 6; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 6.

[9] Affidavit of Derk Reed (ECF No. 90-3) ¶¶ 8–9; Affidavit of Gerald Delaney (ECF No. 90-4) ¶¶ 8–9.

[10] Affidavit of Derk Reed (ECF No. 90-3) ¶ 10; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 10.

[11] Affidavit of Derk Reed (ECF No. 90-3) ¶ 11; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 11.

[12] *See*, *e.g.*, Emails between Magistrate Judge Arbuckle and Defendant Johnson (ECF No. 88-3), Exhibit A; Emails between counsel for Gorg Defendants, Klein Defendants, and Defendant Feinberg (ECF No. 88-3), Exhibit B.

> Please permit this to confirm that Plaintiff, Komerstone Custom Builders, LLC rejects Defendants' $100,000 settlement proposal that Judge Arbuckle summarized at the conclusion of the Parties' February 7 mediation. We have reviewed the Parties' insurance submissions as agreed and, in conjunction with that review, reiterate that we deem the proposed settlement amount to be wholly disproportionate to Defendants' clear liability in this matter and to my client's resulting damages.[13]

After this rejection, both the Klein Defendants and Johnson Defendants expressed their belief that the parties had reached a settlement on February 7, 2017.[14]

On February 17, 2017, Magistrate Judge Arbuckle issued an Order scheduling a conference call for February 23, 2017, noting that the parties previously "made progress towards obtaining a mutual understanding of any proposed settlement."[15] Settlement discussions were thereafter held on this date.[16] The following day, February 24, 2017, Magistrate Judge Arbuckle scheduled a telephone conference for March 16, 2017 between counsel for Plaintiff and the Gorg Defendants.[17] This settlement conference was rescheduled to April 11, 2017, and, at the request of the Gorg Defendants, subsequently canceled on April 6, 2017.[18]

---

[13] *See* February 2, 2017 Email from Plaintiff's counsel (ECF No. 88-3), Exhibit C.

[14] *See* Email Chain between Plaintiff's counsel, counsel for Klein Defendants, and Defendant Johnson (ECF No. 88-3), Exhibit D.

[15] ECF No. 82.

[16] ECF No. 83.

[17] ECF No. 84

[18] ECF Nos. 85, 86, & 87.

On April 12, 2017, the Gorg Defendants filed the instant Motion to Enforce Settlement.[19] Having been fully briefed, this matter is now ripe for disposition.[20]

## II. DISCUSSION

"An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."[21] A district court has jurisdiction to enforce a settlement agreement between litigants in a case pending before it.[22] When a party, here Gorg Defendants, seeks enforcement of a settlement agreement, a court treats the motion like one for summary judgment.[23] Assuming for the sake of analysis that the assertions of the non-movant, here Plaintiff, are true, the Court must determine whether Defendants are entitled to enforcement as a matter of law.[24]

In Gorg Defendants' Motion to Enforce, they request that this Court enforce a settlement agreement purportedly reached on February 7, 2017 in the mediation session described above.[25] Gorg Defendants aver that they had a reasonable belief Plaintiff would accept the final offer rendered during the February 7, 2017

---

[19] ECF No. 88.

[20] ECF Nos. 89, 90, 95, & 100.

[21] *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir. 1970) (citations omitted).

[22] *McDonough v. Toys R Us, Inc.*, 795 F.Supp.2d 329, 335 n. 6 (E.D.Pa. 2011)*(citing Hobbs & Co. v. American Investors Mgt., Inc,* 576 F.2d 29, 33 (3d Cir. 1978)).

[23] *See Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3d Cir. 1991).

[24] *Id.*

[25] The remaining Defendants concur in the relief requested through this Motion. *See* ECF 88-2.

mediation session following receipt and review of all applicable insurance policies carried by Defendants.   Defendants specifically argue that settlement was not contingent upon review of Gorg Defendants' insurance policies through Erie Insurance Company as production was for the limited purpose of confirming the existence or non-existence of coverage for copyright infringement.[26]

Plaintiff responds that a complete settlement agreement had not been reached at the February 7, 2017 mediation.  In support of this argument, Plaintiff states that, at the conclusion of the February 7, 2017 mediation, it was both (1) offered a sum of $100,000 for settlement, and (2) informed that Erie Insurance Company intended to pursue a declaratory judgment action against Gorg Defendants challenging their coverage obligations.[27]  Because this coverage dispute was not previously revealed during discovery, Plaintiff states that it requested and received an accommodation whereby the final offer of $100,000 remained open while they reviewed copies of a previously undisclosed insurance policy and reservation of rights letters from Defendants' counsel and assessed Erie Insurance Company's previously undisclosed threat to challenge its coverage obligations to its insured via a future declaratory judgment action.[28]

---

[26]   ECF No. 89, at 4.

[27]   ECF No. 90, at 2.

[28]   ECF No. 3.

A settlement agreement is a contract whose interpretation relies on basic contract principles.[29] Critical to the formation of a settlement agreement therefore is the requirement that "the minds of the parties should meet upon all terms, as well as the subject matter, of the [agreement]."[30] Under Pennsylvania law, "[t]he essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds."[31] "If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce."[32] "[P]arties may bind themselves contractually although they intend, at some later date, to draft a more formal document."[33] Finally, "where the evidence does not provide sufficient clarity to carry this burden of proof on the existence and terms of a settlement agreement, we are constrained to deny a motion to enforce any proposed accord."[34]

As noted, Defendants here aver that Plaintiff accepted Defendants' final offer to Plaintiff of $100,000.00, in exchange for Plaintiff's global release and settlement of all claims against all Defendants. They further argue that the

---

[29] *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006).

[30] *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999).

[31] *Riviello v. First Nat'l Cmty. Bank*, Civil Action No. 3:10-2347, 2013 WL 1348259, at *1 (M.D. Pa. Apr. 3, 2013)(Mannion, J.).

[32] *Id.*

[33] *Am. Eagle Outfitters v. Lyle & Scott, Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009).

[34] *Giambra v. Storch*, Civil Action No. 14-CV-1084, 2015 WL 3651688, at *4 (M.D.Pa. June 11, 2015).

production of documents concerning insurance policies was solely to ensure that

no other policies of applicable coverage existed, and, in the absence thereof, an

enforceable contract exists. Plaintiff, in turn, argues that, at the mediation session

held on February 7, 2017, it requested that this final offer remain pending while it

investigated Erie Insurance Company's threat to pursue a declaratory judgment

action against Defendants.[35] However, while it is unclear to the Court how

resolution of this coverage dispute is essential to the acceptance of this offer,[36] I

find that there nevertheless remains a genuine dispute as to material fact

concerning whether there was mutual assent to this material term. "Where material

facts concerning the existence or terms of an agreement to settle are in dispute, the

parties must be allowed an evidentiary hearing."[37] Here, because "the object of

inquiry is not the inner, subjective intent of the parties, but rather the intent a

reasonable person would apprehend in considering the parties' behavior,"[38] the

Court will hold a hearing to resolve this dispute.[39]

---

[35] Affidavit of Derk Reed (ECF No. 90-3) ¶ 10; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 10.

[36] *See Courier Times, Inc. v. United Feature Syndicate, Inc.*, 445 A.2d 1288, 1295 (1982) (holding that, where parties agree upon essential terms and intend them to be binding, "a contract is formed even though they intend to adopt a formal document with additional terms at a later date").

[37] *Saudi Basic Inds. v. Exxon Corp.*, 364 F.3d 106, 113 (3d Cir. 2004) (citations omitted).

[38] *American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009).

[39] *Williams v. Patterson-UTI Drilling Co. LLC*, Civil Action No. 12-CV-134, 2013 WL 5274860, at *2 (M.D.Pa. Sept. 17, 2013)(Caputo, J.)(holding an evidentiary hearing where it

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY**

**ORDERED** that:

1.  Defendants Dennis Gorg and Dennis Gorg Contracting, LLC's Motion to
    Enforce Settlement (ECF No. 88) is **DENIED** at this time.

2.  An evidentiary hearing is scheduled for **August 29, 2017 at 1:30 p.m.** in
    Courtroom 1, Fourth Floor, United States Courthouse and Federal Building,
    240 West Third Street, Williamsport, Pennsylvania.

3.  Each party shall submit to the deputy clerk before or at the outset of the
    hearing three (3) copies of a list of exhibits the party expects to admit using
    the attached form.

4.  Each party shall submit to the deputy clerk before or at the outset of the
    hearing two (2) binders holding copies of documentary exhibits. The binders
    are for the convenience of the Court; the party should retain the "best
    evidence" of the document for purposes of admission during the
    proceedings.

                                        BY THE COURT:


                                        *s/ Matthew W. Brann*
                                        Matthew W. Brann
                                        United States District Judge

---

is disputed whether the plaintiff agreed to or endorsed all the material terms of the proposed
settlement).

**Caption:** _____

**Case No.:** _____

**Judge:** _____

## <u>EXHIBIT LIST</u>

| Completed by Counsel | | Completed by Courtroom Deputy | | |
|---|---|---|---|---|
| Exhibit No. (P/D-#) | Exhibit Description | Date Identified | Date Admitted | Witness |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |