IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KORNERSTONE CUSTOM BUILDERS, LLC, | : | Case No. 4:15-CV-2067 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| DENNIS GORG CONTRACTING, LLC, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**NOVEMBER 13, 2017**

Before the Court for disposition is Defendants Dennis Gorg and Dennis Gorg Contracting, LLC's Motion to Enforce Settlement. For the following reasons, this motion is denied.

### I. BACKGROUND[1]

On October 26, 2015, Plaintiff Kornerstone Custom Builders, LLC ("Plaintiff") initiated this action by Complaint.[2] In the Second Amended Complaint filed on September 16, 2016, Plaintiff alleges three claims of copyright infringement against Defendants Dennis Gorg Contracting, LLC and Dennis Gorg ("Gorg Defendants"), Michael and Kelly Klein ("Klein Defendants"), Scott and

---

1 The following facts are undisputed or, where disputed, reflect Plaintiff's version of facts in the record, pursuant to this Court's duty to view all facts and reasonable inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

2 ECF No. 1.

Tracy Johnson ("Johnson Defendants"), Ed Feinberg ("Defendant Feinberg"), John and Jane Does 1-5, and X,Y,Z Corporation 1-5.[3] On December 5, 2016, the Court held an initial case management conference pursuant to Federal Rule of Civil Procedure 16 and issued a standard order establishing deadlines in this case.[4] The parties unanimously requested that the Court appoint a mediator, and this case was subsequently referred to Magistrate Judge William I. Arbuckle, III.[5]

On January 26, 2017, Magistrate Judge Arbuckle held a telephone conference in which the parties both set February 7, 2017 as the date for an in-person mediation session, and had a preliminary discussion concerning the merits of the case.[6] Magistrate Judge Arbuckle thereafter conducted a seven and a half hour mediation in which both the parties and their respective legal representatives were present.[7]

During this session, Magistrate Judge Arbuckle revealed the following information to Plaintiff at the end of the session: (1) Defendants were making a global settlement offer of $ 100,000, and, (2) if Plaintiff failed to accept this offer, Gorg Defendants' insurance provider, Erie Insurance Company would pursue a

---

[3] ECF No. 52.

[4] ECF No. 72.

[5] ECF Nos. 73 & 76.

[6] ECF No. 79 & 80. Attached to the Scheduling Order of February 1, 2017 was a Settlement Checklist to be completed by each party in preparation for the mediation session. ECF No. 80-1.

[7] ECF No. 81.

declaratory judgment action to challenges its obligations under the policy.[8] Plaintiff states that written discovery in this case had failed to previously reveal this coverage dispute with Erie Insurance, and that this failure prevented them from making an informed decision concerning this settlement offer.[9] Plaintiff therefore requested that Defendants allow this settlement offer to remain pending until February 16, 2017 to (1) receive insurance policy and reservation of rights letters from Defendants' counsel; and (2) assess Erie Insurance Company's threat to pursue a declaratory judgment action against Gorg Defendants.[10] Defendants agreed to this request.[11]

The Court was not informed that this matter had settled following this mediation session. Rather, communications attached to Gorg Defendants' Motion to Enforce indicates that the parties spent the next few days providing Plaintiff with applicable insurance information.[12] In an email dated February 16, 2017, Plaintiff conveyed the following:

---

[8] Affidavit of Derk Reed (ECF No. 90-3) ¶ 6; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 6.

[9] Affidavit of Derk Reed (ECF No. 90-3) ¶¶ 8–9; Affidavit of Gerald Delaney (ECF No. 90-4) ¶¶ 8–9.

[10] Affidavit of Derk Reed (ECF No. 90-3) ¶ 10; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 10.

[11] Affidavit of Derk Reed (ECF No. 90-3) ¶ 11; Affidavit of Gerald Delaney (ECF No. 90-4) ¶ 11.

[12] *See*, *e.g.*, Emails between Magistrate Judge Arbuckle and Defendant Johnson (ECF No. 88-3), Exhibit A; Emails between counsel for Gorg Defendants, Klein Defendants, and Defendant Feinberg (ECF No. 88-3), Exhibit B.

> Please permit this to confirm that Plaintiff, Komerstone Custom Builders, LLC rejects Defendants' $100,000 settlement proposal that Judge Arbuckle summarized at the conclusion of the Parties' February 7 mediation. We have reviewed the Parties' insurance submissions as agreed and, in conjunction with that review, reiterate that we deem the proposed settlement amount to be wholly disproportionate to Defendants' clear liability in this matter and to my client's resulting damages.[13]

After this rejection, both the Klein Defendants and Johnson Defendants expressed their belief that the parties had reached a settlement on February 7, 2017.[14]

On February 17, 2017, Magistrate Judge Arbuckle issued an Order scheduling a conference call for February 23, 2017, noting that the parties previously "made progress towards obtaining a mutual understanding of any proposed settlement."[15] Settlement discussions were thereafter held on this date.[16] The following day, February 24, 2017, Magistrate Judge Arbuckle scheduled a telephone conference for March 16, 2017 between counsel for Plaintiff and the Gorg Defendants.[17] This settlement conference was rescheduled to April 11, 2017, and, at the request of the Gorg Defendants, subsequently canceled on April 6, 2017.[18]

---

[13] *See* February 2, 2017 Email from Plaintiff's counsel (ECF No. 88-3), Exhibit C.

[14] *See* Email Chain between Plaintiff's counsel, counsel for Klein Defendants, and Defendant Johnson (ECF No. 88-3), Exhibit D.

[15] ECF No. 82.

[16] ECF No. 83.

[17] ECF No. 84

[18] ECF Nos. 85, 86, & 87.

On April 12, 2017, the Gorg Defendants filed the instant Motion to Enforce Settlement.[19] Having been fully briefed and with oral argument held, this matter is now ripe for disposition.[20]

## II. DISCUSSION

"An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."[21] A district court has jurisdiction to enforce a settlement agreement between litigants in a case pending before it.[22] When a party, here Gorg Defendants, seeks enforcement of a settlement agreement, a court treats the motion like one for summary judgment.[23] Assuming for the sake of analysis that the assertions of the non-movant, here Plaintiff, are true, the Court must determine whether Defendants are entitled to enforcement as a matter of law.[24]

In the present motion, Gorg Defendants request that this Court enforce a settlement agreement purportedly reached during the February 7, 2017 mediation session described above.[25] Gorg Defendants aver that they had a reasonable belief

---

[19] ECF No. 88.

[20] ECF Nos. 89, 90, 95, 100, & 101.

[21] *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir. 1970) (citations omitted).

[22] *McDonough v. Toys R Us, Inc.*, 795 F.Supp.2d 329, 335 n. 6 (E.D.Pa. 2011)(citing *Hobbs & Co. v. American Investors Mgt., Inc,* 576 F.2d 29, 33 (3d Cir. 1978)).

[23] *See Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3d Cir. 1991).

[24] *Id.*

[25] The remaining Defendants concur in the relief requested through this Motion. *See* ECF 88-2.

Plaintiff would accept the final offer rendered during the February 7, 2017 mediation session following receipt and review of all applicable insurance policies carried by Defendants. Gorg Defendants specifically argue that settlement was not contingent upon review of Defendants' insurance policies, and that production of these policies was for the limited purpose of confirming the existence of coverage for copyright infringement.[26]

Plaintiff responds that a complete settlement agreement had not been reached at the February 7, 2017 mediation. In support of this argument, Plaintiff states that, at the conclusion of the February 7, 2017 mediation, it was informed that Erie Insurance Company intended to pursue a declaratory judgment action against Gorg Defendants challenging their coverage obligations.[27] Because this coverage dispute was not previously revealed during discovery, Plaintiff states that it requested and received an accommodation whereby the final offer of $100,000 remained open while they reviewed copies of a previously undisclosed insurance policy and reservation of rights letters from Defendants' counsel and assessed Erie Insurance Company's previously undisclosed threat to challenge its coverage obligations to its insured via a future declaratory judgment action.[28] In essence,

---

[26] ECF No. 89, at 4.
[27] ECF No. 90, at 2.
[28] ECF No. 3.

Plaintiff argues that mutual assent was lacking because they deferred acceptance of this offer.

A settlement agreement is a contract whose interpretation relies on basic contract principles.[29] Critical to the formation of a settlement agreement therefore is the requirement that "the minds of the parties should meet upon all terms, as well as the subject matter, of the [agreement]."[30] Under Pennsylvania law, "[t]he essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds."[31] "If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce."[32] "[P]arties may bind themselves contractually although they intend, at some later date, to draft a more formal document."[33] Finally, "where the evidence does not provide sufficient clarity to carry this burden of proof on the existence and terms of a settlement agreement, we are constrained to deny a motion to enforce any proposed accord."[34]

---

[29] *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006).

[30] *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999).

[31] *Riviello v. First Nat'l Cmty. Bank*, Civil Action No. 3:10-2347, 2013 WL 1348259, at *1 (M.D. Pa. Apr. 3, 2013)(Mannion, J.).

[32] *Id.*

[33] *Am. Eagle Outfitters v. Lyle & Scott, Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009).

[34] *Giambra v. Storch*, Civil Action No. 14-CV-1084, 2015 WL 3651688, at *4 (M.D.Pa. June 11, 2015).

On August 29, 2017, the Court held oral argument and heard testimony on this dispute.[35] While I previously expressed skepticism as to how the resolution of the potential coverage dispute is essential to the acceptance of this offer,[36] it is clear from the testimony of Derek Reed and the February 15, 2017 email sent from Plaintiff's attorney to Magistrate Judge Arbuckle that no subjective meeting of the minds had been reached. The parties tell two disparate tales of the mediation session, and it is clear from their presentations to the Court that they earnestly ascribe two interpretations to its conclusion.

To determine whether both parties manifested an intention to be bound, however, "the object of inquiry is not the inner, subjective intent of the parties, but rather the intent a reasonable person would apprehend in considering the parties' behavior."[37] Gorg Defendant fails to meet this objective standard, as "the evidence does not provide sufficient clarity to carry this burden of proof on the existence and terms of a settlement agreement." Following what Plaintiff avers was the rejection of Defendants global offer of settlement on February 16, 2017, I specifically note that Magistrate Judge Arbuckle issued an Order noting that "the parties made progress towards obtaining a mutual understanding of any proposed

---

[35] ECF No. 101.

[36] *See Courier Times, Inc. v. United Feature Syndicate, Inc.*, 445 A.2d 1288, 1295 (1982) (holding that, where parties agree upon essential terms and intend them to be binding, "a contract is formed even though they intend to adopt a formal document with additional terms at a later date").

[37] *American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009).

settlement" and scheduling a telephone conference for February 23, 2017.[38] This conference took place as scheduled,[39] followed by Court Orders of February 24, 2017 and March 6, 2017 scheduling and then rescheduling continued negotiations.[40]

On March 13, 2017, Magistrate Judge Arbuckle changed the telephone conference scheduled for April 11, 2017 to an in-person mediation, "at the request of the parties."[41] Two emails from Gorg Defendants' counsel on March 6, 2017 and March 10, 2017 confirm both their availability and their consent to an in-person session.[42] Here, a reasonable person considering the parties' behavior would not apprehend that a meeting of the minds and a mutual intent to be bound was reached given the ongoing nature of negotiations reflected in both the Court's Orders and the parties' communications. As such, when viewing the evidence in the light most favorable to the non-moving party, I find that a meeting of the minds has not occurred, and Gorg Defendants have failed to meet their burden of demonstrating that an enforceable agreement was reached.[43]

---

[38] ECF No. 82.

[39] ECF No. 83.

[40] ECF Nos. 84–85.

[41] ECF No. 86.

[42] ECF Nos. 90-14 & 90-15.

[43] *See, e.g., Giambra v. Storch*, Civil Action No. 3:14-CV-1084, 2015 WL 3651688, at *4 (M.D.Pa. June 11, 2015)(finding that an enforceable settlement agreement had not been

## III. CONCLUSION

Based on the above analysis, Defendants Dennis Gorg and Dennis Gorg Contracting, LLC's Motion to Enforce Settlement is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

reached where the ongoing nature of negotiations was reflected in the correspondence of counsel and court orders rescheduling multiple status conferences).